UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY JUSTIN KIRK,

     Plaintiff,

v.

PAUL KLEE,

     Defendant.

Case No. 14-cv-10827
Honorable Laurie J. Michelson
Magistrate Judge R. Steven Whalen

---

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

---

Jeremy Justin Kirk ("Petitioner"), an inmate at the Gus Harrison Correctional Facility in Adrian, Michigan, filed this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his conviction under Mich. Comp. Laws § 750.84 for assault with intent to do great bodily harm less than murder. Petitioner pled guilty to the charge and was sentenced on April 15, 2011, to three to ten years in prison. He claims that the trial judge used inaccurate information in scoring his sentencing guidelines, that trial counsel was ineffective, that he was not provided a full and fair evidentiary hearing on his motion for resentencing, and that he was denied his right to the assistance of appellate counsel on his direct appeal. Having reviewed Kirk's petition, the warden's response, and the state-court record, the Court finds that petitioner's claims are without merit. Kirk's petition, therefore, is DENIED.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The charges arise out of events that took place on November 19, 2010, when Petitioner assaulted his ex-wife at her house by choking her to the point of unconsciousness and pushing her down the stairs. On April 15, 2011, Petitioner pled guilty in the Alpena County Circuit Court

to assault with intent to do great bodily harm and was sentenced that same day to three to ten years in prison. The final order of judgment was entered on April 18, 2011. (*See* Dkt. 14-1, Alpena County Docket.)

On October 24, 2011, Kirk filed a motion for resentencing. He also filed a request for the appointment of appellate counsel. The trial judge denied the motion for appointment of appellate counsel because it was filed more than forty-two days after Petitioner's sentencing and thus untimely under Michigan Court Rule 6.425(G)(1)(c). *People v. Kirk,* No. 10-003808-FH (Alpena County Circuit Court, May 8, 2013). The trial judge denied Kirk's second request for the appointment of appellate counsel on May 8, 2013. *Id.*

The trial judge heard Kirk's motion for resentencing on January 11, 2012. Kirk was represented at the resentencing hearing by newly appointed counsel. Kirk's attorney and Kirk himself made numerous objections to the scoring of the various sentencing guidelines variables. (*See* Dkt. 14-2, Jan. 11, 2012 Tr.) The motion for resentencing was denied. *People v. Kirk,* No. 10-003808-FH (Alpena County Circuit Court, January 13, 2012).

Kirk filed a *pro se* application for leave to appeal to the Michigan Court of Appeals in which he raised the following claims:

> I. Mr. Kirk must be resentenced because the court below sentenced him on inaccurate information when calculating the applicable sentencing guidelines.

> II. Mr. Kirk must be granted remand for a resent[en]cing/evidentiary hearing because he was not allowed to present a defense at the initial resent[en]cing/evidentiary hearing.

> III. Mr. Kirk must be afforded a *Ginther* hearing so [as] to allow him the opportunity to develop a factual record as to trial and appointed counsel's ineffective and deficient performance.

(Petition at 2; *see* Dkt. 14-5 at Pg ID 189.) The Michigan Court of Appeals denied the application "for lack of merit in the grounds presented." *People v. Kirk,* No. 310617 (Mich. Ct. App. April 2, 2013).

Petitioner subsequently filed an application for leave to appeal with the Michigan Supreme Court in which he raised the same grounds for relief he had raised before the Michigan Supreme Court. (*See* Pet. at Pg ID 2; Dkt. 14-6 at Pg ID 276–84.) The Michigan Supreme Court denied Petitioner leave to appeal "because we are not persuaded that the questions presented should be reviewed by this Court." *People v. Kirk,* 495 Mich. 865, 843 N.W.2d 120 (2013).

Kirk filed his petition for writ of habeas corpus in this court on February 21, 2014. (Dkt. 1.) Petitioner seeks habeas relief on the following grounds: (1) he was denied due process of law when he was sentenced based on inaccurate information; (2) he was denied the effective assistance of counsel at sentencing and resentencing; (3) he is entitled to an evidentiary hearing because the trial court failed to provide him a full and fair resentencing hearing; and (4) the trial court abused its discretion in denying his request for the appointment of appellate counsel. (*See id.* at Pg ID 8.)

## II. ANALYSIS

### A. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant habeas relief to a state prisoner with respect to any claim that has been "adjudicated on the merits in State court proceedings" unless the state-court adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the

3

evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state-court decision is contrary to clearly established federal law if the state court applies a rule that contradicts the governing law set forth by the United States Supreme Court or if the state court confronts a set of facts that are materially indistinguishable from a decision of the United States Supreme Court and nevertheless arrives at a result different from that decision. *Williams v. Taylor*, 529 U.S. 362, 406 (2000). A state-court decision unreasonably applies federal law "if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts." *Id.* at 407–08. [1]

AEDPA deference is substantial: "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786–787 (2011). "'If this standard is difficult to meet'—and it is— 'that is because it was meant to be.'" *Burt v. Titlow*, 134 S. Ct. 10, 15–16 (2013) (quoting *Harrington*, 131 S. Ct. at 786–87).

---

[1] The Court is aware that § 2254(e)(1) provides, "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." But where, as here, § 2254(d)(2) applies, the interplay between §§ 2254(d)(2) and (e)(1) is unsettled. *See Wood v. Allen*, 558 U.S. 290, 293 (2010) ("We granted certiorari to address the relationship between §§ 2254(d)(2) and (e)(1). We conclude, however, that the state court's factual determination was reasonable even under petitioner's reading of § 2254(d)(2), and therefore we need not address that provision's relationship to § 2254(e)(1)."); *Rice v. White*, 660 F.3d 242, 254 (6th Cir. 2011) ("It is an open question whether 28 U.S.C. § 2254(e)(1) . . . applies in every case presenting a challenge under § 2254(d)(2)." (internal quotation marks omitted)); *Murray v. Schriro*, 745 F.3d 984, 1001 (9th Cir. 2014) ("Since [*Kesser v. Cambra*, 465 F.3d 351 (9th Cir. 2006)], our panel decisions appear to be in a state of confusion as to whether § 2254(d)(2) or (e)(1), or both, applies to AEDPA review of state-court factual findings."). Because it does not affect the outcome, the Court will assume, without deciding, that only § 2254(d)(2) applies.

**B. Deference to the State Court Decisions**

Before reaching the merits of Kirk's habeas claims, the Court addresses a procedural issue. Did the Michigan courts decide the habeas claims "on the merits" such that AEDPA deference applies? *Johnson v. Williams*, 133 S. Ct. 1088, 1097 (2013) (quoting § 2254(d)) (emphasis in original); *see also Robinson v. Howes*, 663 F.3d 819, 823 (6th Cir. 2011) ("Claims that were not 'adjudicated on the merits in State court proceedings' receive the pre-AEDPA standard of review: de novo for questions of law (including mixed questions of law and fact), and clear error for questions of fact.").

In *Harrington v. Richter*, the Supreme Court addressed whether the deference set forth in § 2254(d) applied to an unexplained state-court denial of a state petition for habeas corpus. 131 S. Ct. at 783. The Court indicated that "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 784–85. But the Court said this presumption may be overcome when there is reason to conclude some other explanation for the state court's decision is more likely. *Id.* at 785.

Following *Harrington*, the Sixth Circuit applied the presumption that an unexplained state-court decision is nonetheless a decision "on the merits" to cases where, as here, the Michigan Court of Appeals denies leave to appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court, as here, denies leave to appeal because it is "not persuaded" that it should review the question presented. *Werth v. Bell*, 692 F.3d 486, 491, 493 (6th Cir. 2012); *see also Hynes v. Birkett*, 526 Fed. App'x 515, 519 (6th Cir. 2013) ("[T]he order of the Michigan Court of Appeals denying [Petitioner's] delayed application for leave to appeal 'for lack of merit in the grounds presented' was an adjudication 'on the merits' under AEDPA. The

fact that the Michigan Supreme Court subsequently denied [Petitioner's] application for leave to appeal 'because [it was] not persuaded that the questions presented should be reviewed by [that] [c]ourt' does nothing to negate AEDPA's applicability.").

Subsequently, in *McClellan v. Rapelje*, 703 F.3d 344 (6th Cir. 2013), the respondent argued that because the Michigan Court of Appeals had denied the petitioner's leave to appeal "for lack of merit in the grounds presented," § 2254(d) was applicable to the petitioner's habeas claim. *Id*. at 348. The Sixth Circuit rejected the argument, on the ground that the state trial court had applied a procedural bar and had not reached the merits of the petitioner's claim. *Id*. at 348–49. The trial court's application of a procedural bar, along with the fact that the Michigan Court of Appeals did not have the trial court record before it when it denied leave to appeal, led the Sixth Circuit to conclude that the petitioner had rebutted *Harrington*'s on-the-merits presumption and that de novo review of the petitioner's claim was appropriate. *Id.* at 350–51.

Thus, this Court begins with the presumption that the Michigan Court of Appeals' denial of Kirk's delayed application for leave to appeal "for lack of merit in the grounds presented" is a decision "on the merits" under § 2554(d). *See Davis v. Rapelje*, --- F. Supp. 2d ----, 2014 WL 2999281, * 7 (E.D. Mich. July 3, 2014) (citing *Harrington*, 131 S. Ct. at 784–85; *Werth*, 692 F. 3d at 493). Then, to determine whether the presumption has been rebutted, the Court "look[s] through" the Michigan Court of Appeals' summary order to the state trial court's reasoned decision to determine whether the trial court invoked a procedural bar in rejecting the claim presented to this Court. *Id.* (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 806 (1991), and *McClellan*,

703 F.3d at 349). Because the state trial court did not apply a procedural bar in denying Kirk's claims, the presumption is not rebutted and § 2554(d) applies.[2]

A less settled question, as this Court has previously noted, is which state-court opinion is entitled to AEDPA deference: the Michigan trial court's decision, the Michigan Court of Appeals' denial of leave to appeal "for lack of merit in the grounds presented," or the Michigan Supreme Court's denial of leave to appeal because it was "not persuaded" it should review the question presented. *See Davis*, 2014 WL 2999281, at *8. But the Court need not, and therefore does not, answer this question. Assuming that this Court should defer to the Michigan Court of Appeals' unexplained decision, *Harrington* teaches that this Court should do so by considering any possible explanation for the state appellate court's decision to deny leave to appeal for lack of merit in the grounds presented. *See Harrington*, 131 S. Ct. at 786 ("Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court."). In considering all possible rationales supporting the Michigan Court of Appeals' summary order, this Court certainly may, and perhaps should, begin by considering the rationales provided in the state trial court's reasoned decision. *See Ylst*, 501 U.S. at 803 ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.").

In this case, as will be explained in detail below, applying § 2254(d) to the Michigan trial court's reasons precludes habeas relief. The analysis is the same whether § 2254(d) applies to the

---

[2] The state trial court's denial of Kirk's request for the appointment of appellate counsel is arguably not due deference under AEDPA because it was based on a state procedural rule. But, as discussed below, that claim fails even on de novo review.

appellate courts' summary denials of leave to appeal for lack of merit or the state trial court's reasoned decision.

### C. Scoring of Sentencing Variables

Turning to the merits of the petition, Kirk first contends that the trial judge used inaccurate information in scoring several of the Michigan Sentencing Guidelines' offense variables (OV) and prior record variables (PV). (*See* Pet. at Pg ID 15–18.)

Because state courts are the final arbiters of state law, *see Bradshaw v. Richey,* 546 U.S. 74, 76 (2005); *Sanford v. Yukins,* 288 F.3d 855, 860 (6th Cir. 2002), claims that arise out of a state trial court's sentencing decision are "not generally cognizable on federal habeas review, unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law." *Vliet v. Renico,* 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002) (citing *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987)). Here, petitioner's sentence of three to ten years was within Michigan's ten-year statutory maximum for the crime of assault with intent to do great bodily harm less than murder. *See* Mich. Comp. Laws 750.84.

Additionally, a claim that the state trial court incorrectly scored or calculated the petitioner's sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007) (affirming district court's denial of a habeas petition that challenged the trial court's application of Michigan's sentencing guidelines); *Howard v. White,* 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004) ("[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations."). It is well-established that "federal

habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *see* 18 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Kirk's claim that the state trial court improperly departed above the correct sentencing guidelines range would thus not entitle him to habeas relief, because such a departure does not violate any of Petitioner's federal due process rights. *Austin v. Jackson*, 213 F. 3d 298, 301 (6th Cir. 2000) ("Petitioner fails to articulate the grounds upon which the trial court's departure from the Michigan Sentencing guidelines violates any federal due process right he possesses.").

 Kirk also claims the trial judge used inaccurate information to sentence him. He contends that the judge's scoring was improper because the judge used a Florida drug paraphernalia conviction for which Kirk was denied his right to counsel, used a prior misdemeanor as if it were a felony (PV 2), and incorrectly added points for display or implication of a weapon (OV 1), psychological injury to the victim (OV 4), asportation of the victim (OV 8), and exploitation of a domestic relationship (OV 10). (*See* Pet. at Pg ID 15–18.)

 A criminal defendant has a constitutional right not to be sentenced on the basis of "misinformation of constitutional magnitude." *Roberts v. United States*, 445 U.S. 552, 556 (1980) (quoting *United States v. Tucker*, 404 U.S. 443, 447 (1972)); *see Townsend v. Burke*, 334 U.S. 736, 741 (1948) ("it is the careless or designed pronouncement of sentence on a foundation so extensively and materially false, which the prisoner had no opportunity to correct by the services which counsel would provide, that renders the proceedings lacking in due process"). "A sentence must be set aside where the defendant can demonstrate that false information formed part of the basis for the sentence. The defendant must show, first, that the information before the

sentencing court was false, and, second, that the court relied on the false information in passing sentence." *Koras v. Robinson*, 123 F. App'x 207, 213 (6th Cir. 2005) (quoting *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir. 1988)).

First, as to Kirk's argument that the judge improperly used a drug paraphernalia conviction for which he had been deprived of his right to counsel, the Supreme Court has held that a trial court cannot use an uncounseled conviction to enhance a criminal defendant's punishment. *See Tucker,* 404 U.S. at 449. The burden, however, is upon a habeas petitioner to prove the invalidity or unconstitutionality of his or her prior convictions. *See Hobson v. Robinson*, 27 F. App'x 443, 445 (6th Cir. 2001) (citing *Parke v. Raley*, 506 U.S. 20, 28–34 (1992)); *United States v. French*, 974 F.2d 687, 701 (6th Cir. 1992). Kirk's claim fails because he presented no evidence to the state courts or to this Court to establish that his right to counsel was violated with respect to this conviction.

Second, the judge did not mischaracterize a misdemeanor as a felony in scoring Kirk's guidelines. After Kirk raised this issue at a hearing on his motion for resentencing on January 11, 2012, the judge indicated that he would give both sides time to obtain the records from the State of Florida concerning Kirk's prior convictions there and thus deferred ruling on the scoring of PV 2. (Jan. 11, 2012 Tr. at 13–14, 40–41). In his subsequent written opinion, the judge found that PV 2 had been correctly scored because the records from the Florida court established that Kirk's conviction for attempted fraudulent use of a credit card would qualify as a felony under Michigan law. *People v. Kirk,* No. 10-003808-FH (Alpena County Circuit Court, January 13, 2012). There is nothing to suggest this finding was based on materially false information.

Third, contrary to Kirk's arguments, the scoring for display or implication of a weapon, psychological injury to the victim, asportation of the victim, and exploitation of a domestic

10

relationship had support in the record. After Kirk objected to the scoring of OV 1 at the resentencing hearing, the prosecutor responded that the victim, in her statement to the police, indicated that Kirk told their sons during the assault that he had a weapon hidden outside of the house. The prosecutor also pointed to another witness's statement that Kirk had approached him earlier that day and had asked for a baseball bat. The prosecutor argued that OV 1 was thus properly scored for a weapon being implied. The judge's ruling to allow the scoring of OV 1 to stand (Jan. 11, 2012 Tr. at 20–22) has support in the record.

Regarding Kirk's objection to the scoring of OV 4 for psychological injury, the judge noted that under the sentencing guidelines, OV 4 should be scored if the injury "may require" professional treatment, so it was not necessary that the victim actually have sought treatment. The judge permitted the victim to testify at the resentencing hearing solely on this issue. The victim testified that she never received any psychological treatment or counseling for the incident but acknowledged that she had written in her victim's impact statement that the assault had "caused an abundance of emotional and psychological damage" to herself and her children. She said she was "livid," "angry," "scared," and "every emotion you could possibly think of." (*Id.* at 31.) After hearing testimony from the victim, and considering the circumstances as a whole, including the victim's captivity and the severity of the assault, the judge believed that there had been serious psychological injury to the victim to justify the scoring of OV 4. (*Id.* at 22, 26–33). The scoring of OV 4 has support in the record.

The scoring of OV 8 for asportation also has support in the record. OV 8 requires that "[a] victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense." Mich. Comp. Laws § 777.38(1)(a). The trial judge noted at the resentencing hearing that the victim was held captive

11

in her sons' room for two and a half hours before she was able to sneak her keys out of her purse and give them to her son. This supports the judge's conclusion that there was sufficient evidence of captivity to warrant the scoring. (Jan. 11, 2012 Tr. at 22, 33–37).

Finally, fifteen points are awarded under OV 10 for predatory conduct and ten points when the offender exploits a domestic relationship. Mich. Comp. Laws § 777.40(1)(b). Predatory conduct is defined as "preoffense conduct directed at a victim . . . for the primary purpose of victimization," and exploitation is defined as manipulating a victim "for selfish or unethical purposes." Mich. Comp. Laws § 777.40(3). At the resentencing hearing, the judge agreed with the prosecutor that the record established pre-offense conduct aimed at isolating the victim and putting her in a position so that he could intimidate her. (Jan. 11, 2012 Tr. at 37–39).

Kirk has not established that he was sentenced on the basis of materially false information or "misinformation of a constitutional magnitude" in violation of his right to due process. Kirk merely disagrees with the trial judge's rulings in resolving disputed factual questions at sentencing. This does not violate the Constitution:

> Nor do we mean that mere error in resolving a question of fact on a plea of guilty by an uncounseled defendant in a non-capital case would necessarily indicate a want of due process of law. Fair prosecutors and conscientious judges sometimes are misinformed or draw inferences from conflicting evidence with which we would not agree. But even an erroneous judgment, based on a scrupulous and diligent search for truth, may be due process of law.

*Townsend*, 334 U.S. at 741. A sentencing is lacking in due process when it is based on a foundation that is "extensively and materially false, which the prisoner had no opportunity to correct by the services which counsel would provide." *Id.* Here, Petitioner, through counsel, objected to the scoring of the sentencing guidelines variables and presented his version of the facts. Although Kirk disputes the judge's findings, he has offered nothing to show that he was

sentenced based on materially false information. *See Skrzycki v. Lafler*, 347 F. Supp. 2d 448, 457 (E. D. Mich. 2004). Thus, Petitioner is not entitled to relief on his first claim.

### D.  Ineffective Assistance of Counsel

Kirk next contends that he was denied the effective assistance of counsel. Under federal law, to establish ineffective assistance of counsel, a criminal defendant must first show that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). This inquiry looks at whether trial counsel fell below the standard of a competent attorney. *See id.* at 688–91. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Second, to succeed on an ineffective-assistance claim, a criminal defendant must show that counsel's ineffectiveness prejudiced him. *Id.* at 692. That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011) (quoting *Harrington*, 131 S. Ct. at 792). "Surmounting *Strickland*'s high bar is never an easy task." *Harrington*, 131 S. Ct. at 788 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

An additional layer of deference applies when ineffective assistance is claimed in a petition for habeas. *See Harrington*, 131 S. Ct. at 785 ("[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself."); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (noting that a "doubly deferential judicial review . . . applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard"). In this procedural stance, "the question 'is not whether a federal court

13

believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.'" *Knowles*, 556 U.S. at 123 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington*, 131 S. Ct. at 785. Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.")).

Kirk's ineffective assistance arguments were rejected by the Michigan Court of Appeals and Michigan Supreme Court. (*See* Dkt. 14-5; Dkt. 14-6). That determination was not unreasonable.

First, Kirk seems to argue that his trial counsel was ineffective for failing to explore a possible insanity defense. (Pet. at Pg ID 22–23.) But Kirk voluntarily pled guilty. An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Pre-plea claims of ineffective assistance of trial counsel are considered non-jurisdictional defects that are waived by a guilty plea. *See United States v. Stiger,* 20 F. App'x 307, 309 (6th Cir. 2001); *see also Siebert v. Jackson,* 205 F. Supp. 2d 727, 733–34 (E.D. Mich. 2002). Any pre-plea ineffective assistance claims were waived by Kirk's guilty plea.

14

Kirk also claims that counsel was ineffective for failing to request a competency hearing. But a defendant is not prejudiced by counsel's failure to seek a competency examination absent an actual basis to support a claim of incompetency at the time of the proceeding. *See Brown v. McKee*, 460 F. App'x 567, 581 (6th Cir. 2012); *Bair v. Phillips,* 106 F. Supp. 2d 934, 941 (E.D. Mich. 2000). Here, Kirk has presented no evidence to suggest that he was mentally incompetent at the time of his prosecution.

Kirk also argues that the attorney appointed to represent him at the motion for resentencing was unprepared and failed to object to the scoring of the various sentencing guidelines variables. (Pet. at Pg ID 21–22.) Although sentencing does not involve a criminal defendant's guilt or innocence, "ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because 'any amount of [additional] jail time has Sixth Amendment significance.'" *Lafler v. Cooper*, 132 S. Ct. 1376, 1386 (2012) (quoting *Glover v. United States*, 531 U.S. 198, 203 (2001)). But here, Kirk's counsel at the resentencing hearing made extensive arguments with respect to the scoring of the various sentencing guidelines variables. Additionally, defendant's counsel for resentencing acknowledged that, because he did not try the case, there were certain arguments pertaining to sentencing for which defendant was more knowledgeable. On those issues, the trial court permitted defendant to argue and supplement the record. Counsel's method of challenging the scoring of the various guidelines variables fell within the wide range of reasonable professional assistance, and therefore did not constitute deficient performance in support of an ineffective assistance claim. *See Harrington v. United States,* 489 F. App'x 50, 55 and n. 1 (6th Cir. 2012).

Kirk next contends that both his attorney at his original sentencing and the attorney at resentencing should have offered "mitigating evidence." (Pet. at Pg ID 23.) He does not specify

15

the mitigating evidence. Instead, he cites a case that involved mitigating evidence of a habeas petitioner's mental health history, illegitimacy, childhood poverty and neglect, and family violence. (*Id.*) The underlying offense here involved Kirk strangling his ex-wife into unconsciousness, holding her in the kids' room for several hours, and ultimately pushing her down the stairs. There was an extensive resentencing hearing and the trial court did not change the sentence. Even assuming Kirk had any mitigating evidence, he has failed to explain how or why it would have resulted in the trial court imposing a different sentence. The Court cannot evaluate whether there was a "reasonable probability" that the trial court would have imposed a different sentence because Kirk has not identified any mitigating evidence that could have been and was not presented. *See U.S. v. Mack,* 219 F. App'x 456, 464 (6th Cir. 2007) ("Since Mack has not shown a 'reasonable probability' that the district court would have imposed a different sentence, he has not shown prejudice.) Therefore, Kirk has not shown prejudice so as to establish that his counsel was ineffective at sentencing. *See id.* ("As Mack has failed to show both that his trial counsel was deficient in representing him and that he was prejudiced by trial counsel's actions, his ineffective assistance of counsel claim is without merit.").

Finally, Kirk argues that his counsel should have moved to recuse the trial judge. Kirk argues that because the trial judge's son was friends with Kirk's son, the judge was biased against Kirk. (Pet. at Pg ID 24.) But Kirk has presented no evidence to establish that the judge's son had a relationship with Petitioner's son or that this caused the judge to be biased against Petitioner. Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *See Wogenstahl v. Mitchell*, 668 F.3d 307, 338 (6th Cir. 2012), *cert. denied sub nom. Wogenstahl v. Robinson*, 133 S. Ct. 311 (2012); *Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998). Because Petitioner has failed to show that the judge

16

was biased against him, counsel was not ineffective for failing to move for the judge to be disqualified. *See Coley v. Bagley*, 706 F. 3d 741, 752 (6th Cir. 2013) (rejecting the petitioner's *Strickland* claim based on failure to raise judge recusal because the petitioner "fail[ed] to show an unconstitutionally high probability of actual bias, and there is no prejudice"). Kirk is not entitled to relief on his second claim.

### E. Evidentiary Hearing on Resentencing

Kirk contends that his rights to confront witnesses and present a defense were violated when the state judge refused to allow him to question the victim at the resentencing hearing in order to obtain testimony to refute the scoring of the various sentencing guidelines ranges. (*See* Pet. at Pg ID 25–27.) It appears Kirk's ex-wife was prepared to recant or change some of the statements she made to the police and in her victim statement for the pre-sentence investigation report. The trial court permitted argument on the sentencing objections, but limited the victim's testimony to only one issue. As the judge advised the defendant, "we're not [going to] retry this case all over again just because you make objection to the [sentencing] scoring." (Jan. 11, 2012 Tr. at 41.)

Kirk relies on *Crawford v. Washington*, in which the Supreme Court affirmed that under the Sixth Amendment's Confrontation Clause, a testimonial statement by an absent witness may be admitted only where the witness is unavailable and the defendant has had a prior opportunity to cross-examine the witness. 541 U.S. 36, 68–69 (2004). He also argues that the district court's refusal to allow his victim to testify for him violated his right to a "meaningful opportunity to present a complete defense," quoting *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006). In *Holmes*, the Supreme Court noted that "[w]hether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation Clauses of the Sixth

17

Amendment, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense," and this right "is abridged by evidence rules that infringe upon a weighty interest of the accused and are arbitrary or disproportionate to the purposes they are designed to serve." *Id.* (internal quotation marks and alteration omitted). The Court found that this right was violated when a state rule of evidence barred the defendant from presenting evidence that a third party committed the crime with which he was charged. *Id.* at 330–31. That is not the situation here. Kirk was seeking to offer testimony by his ex-wife to support his argument that certain sentencing variables were improperly scored.

In a recent habeas case, the Supreme Court held that the right to "a meaningful opportunity to present a complete defense" was not violated when the petitioner was not permitted to introduce extrinsic evidence to impeach a witness because he did not file prior written notice as required by a state statute. *See Nevada v. Jackson*, 133 S. Ct. 1990, 1993–94 (2013). Importantly, the trial court had given the defendant "wide latitude to cross-examine" the witness about police reports she had filed, though the court refused to admit the police reports themselves. In contrast, in a recent Sixth Circuit case, the court found that a habeas petitioner's Sixth Amendment right to confront witnesses was violated by the trial judge's refusal to admit written recantations of testimony by key witnesses where "no other evidence gave the jury any specific reason to believe that the witnesses were lying on the stand." *Blackston v. Rapelje*, 769 F.3d 411, 425 (2014). The court emphasized that "one of the important objects of the right of confrontation [is] to guarantee that the fact finder had an adequate opportunity to assess the credibility of witnesses." (*Id.* at 419 (quoting *Berger v. California*, 393 U.S. 314, 315 (1969)).

Here, the judge was the fact-finder and he was aware that the victim had partially recanted her previous testimony. Kirk does not argue that the trial judge improperly considered

18

out-of-court testimony without allowing him to challenge its credibility. Rather, Kirk argues that he should have been allowed to present at the sentencing rehearing the same testimony that he had already submitted via written statement. He says his ex-wife and victim "prepared and submitted an affidavit attesting to the facts which Petitioner wished to develop via her testimony," but "[h]e was denied this opportunity." (Pet. at Pg ID 26.) Thus Kirk admits that all of the testimony he wished to present was submitted to the trial judge. He does not argue that presenting the testimony live would have changed her testimony. And all of the points about Kirk's sentencing that Kirk's ex-wife made in the written statement were considered and addressed by the trial judge at the resentencing. (*See* Pet. at Pg ID 32–33; Jan. 11, 2012 Tr. at 20–41.) Kirk has not established a violation of his right to confront witnesses or to a meaningful opportunity to present a complete defense.

The Michigan Court of Appeals and Michigan Supreme Court did not unreasonably apply clearly established federal law when they rejected Kirk's argument that his right to present a defense at the resentencing hearing was violated. (*See* Dkt. 14-5; Dkt. 14-6). *See* 28 U.S.C. §2254(d)(1).

### F. Appointment of Appellate Counsel

Finallly, Kirk argues that the trial court violated his constitutional rights by denying his request for the appointment of appellate counsel. (*See* Pet. at Pg ID 28–29.) The judge denied the request because Kirk filed his request more than 42 days after he was sentenced. *People v. Kirk,* No. 10-003808-FH (Alpena County Circuit Court, May 8, 2013).

Respondent contends that this claim is not exhausted because Petitioner failed to present it to the state courts on his direct appeal, but Respondent nonetheless argues that the claim should be denied on the merits. The requirement that a habeas petitioner exhaust his state court

remedies is discretionary, not jurisdictional. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). Where the Petitioner's claim is "plainly meritless and it would be a waste of time and judicial resources to require exhaustion," a court should excuse the exhaustion requirement. *Lyons v. Stovall*, 188 F.3d 327, 333 (6th Cir. 1999). Thus, the Court will address Petitioner's claim. And, because the state court's denial is arguably not due deference under AEDPA because it was based on a state procedural rule, the Court reviews the claim de novo.

The Sixth Amendment right to the effective assistance of trial counsel has been extended to guarantee the effective assistance of counsel on the first appeal by right from a conviction. *Evitts v. Lucey*, 469 U.S. 387, 395–97 (1985); *Douglas v. California*, 372 U.S. 353, 356 (1963); *Penson v. Ohio*, 488 U.S. 75, 83 (1988). In *Halbert v. Michigan,* 545 U.S. 605, 609–10 (2005), the Supreme Court held that appointment of counsel is required for defendants who pled guilty or *nolo contendere* but seek access to first-tier review of their convictions in the Michigan Court of Appeals.[3]

But the Supreme Court has also held that a state may impose reasonable procedural conditions on a criminal defendant's rights, even if they derive from the Constitution. *See Taylor v. Illinois*, 484 U.S. 400, 412–13 (1988) ("The Sixth Amendment does not confer the right to present testimony free from the legitimate demands of the adversarial system." (quoting *United*

---

[3]  In 1994, Michigan voters approved a proposal that amended Michigan's State Constitution to provide that "an appeal by an accused who pleads guilty or *nolo contendere* shall be by leave of the court," rather than by right. Mich. Const., Art. 1, § 20. In the aftermath of this amendment, some trial court judges in Michigan began to deny appointed appellate counsel to indigent defendants who had pled guilty or *nolo contendere*. *See Kowalski v. Tesmer,* 543 U.S. 125, 127–28 (2004). The Michigan Supreme Court upheld the constitutionality of this practice against challenges based on the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the Federal Constitution. *People v. Harris*, 681 N.W.2d 653 (Mich. 2004); *People v. Bulger*, 614 N.W. 2d 103 (Mich. 2000). The Michigan State Legislature subsequently codified the practice of limiting the appointment of appellate counsel in guilty plea cases to certain limited situations. *See* M.C.L.A. 770.3a. In *Halbert*, the Supreme Court held that such restrictions were unconstitutional.

*States v. Nobles*, 422 U.S. 225, 241 (1975))). Michigan Court Rule 6.425(G)(1)(c) provides that "[i]n a case involving a conviction following a plea of guilty or nolo contendere, if the defendant is indigent, the court must enter an order appointing a lawyer if the request is filed within 42 days after sentencing." Courts in this district and the Western District of Michigan have found the time restriction to be reasonable and not violative of *Halbert*. As one court recently summarized:

> The state courts did not violate the Supreme Court's holding in *Halbert*, because petitioner did not make a timely request for a court-appointed lawyer, because he waited more than forty two days after sentencing to request appellate counsel. Although *Halbert* guarantees an indigent's right to counsel for first-tier appellate review, the Supreme Court did not hold or suggest in that case that "states are powerless to enact reasonable conditions upon the exercise of that right." *Lee v. Burt*, No. 09-12127, 2011 U.S. Dist. LEXIS 70051, 2011 WL 2580642, * 4 (E.D. Mich. June 29, 2011) (citing *Mason v. Davis*, No. 1:07-CV-215, 2007 U.S. Dist. LEXIS 39456,*1, *3, 2007 WL 1582214, *1–2 (W.D. Mich. May 31, 2007)). The Supreme Court, in fact, has upheld a state's right to impose reasonable procedural conditions on a criminal defendant's rights, even those rights that are protected by the Constitution. *Id.* (citing to *Mason*, 2007 U.S. Dist. LEXIS 39456, 2007 WL 1582214, at *1 (citing *Taylor v. Illinois*, 484 U.S. 400, 412-13, 108 S. Ct. 646, 98 L. Ed. 2d 798 (1988)). "Even the exercise of constitutional rights may be limited by procedural rules." *Kennedy v. City of Cleveland*, 797 F. 2d 297, 301, n. 5 (6th Cir. 1986). "A six-week period to file a request for appointment of appellate counsel is reasonable and no Supreme Court holding suggests otherwise." *Lee*, 2011 U.S. Dist. LEXIS 70051, 2011 WL 2580642, at * 4.

*Frazier v. Bell*, No. 11-10893, 2013 U.S. Dist. LEXIS 156483, at * 14–15 (E.D. Mich. Oct. 21, 2013); *see also Mason v. Davis*, No. 07-CV-215, 2007 WL 1582214, at *1 (W.D. Mich. May 31, 2007) ("Nowhere in *Halbert* did the Supreme Court hold, or even imply, that the states were powerless to establish reasonable deadlines for the exercise of this right or that defendants who file admittedly late motions have a constitutional right to have their late motion granted."); *Maguire v. Palmer*, No. 08-180, 2011 U.S. Dist. LEXIS 28686, at *9 (W.D. Mich. Feb. 22, 2011) ("The *Halbert* decision does not suggest that procedural limits on the exercise of constitutional rights are unenforceable. No case law, much less Supreme Court case law,

21

suggests that such a procedural rule is unconstitutional. Accordingly, the state court decisions denying Petitioner's request for counsel were neither contrary to nor an unreasonable application of clearly established Supreme Court precedent.") (citations omitted), *report and recommendation adopted*, 2011 U.S. Dist. LEXIS 28690 (W.D. Mich. Mar. 21, 2011). The Michigan Supreme Court has interpreted its court rule the same way. *See People v. McCoy*, 483 Mich. 898 (2009) ("In a case involving a conviction following a guilty plea, the denial of appointed appellate counsel on the basis of the defendant's failure to comply with the 42-day deadline for requesting counsel in MCR 6.425(G)(1)(c) does not violate *Halbert v. Michigan . . . .*").

Kirk was sentenced on April 15, 2011, and the judgment of sentence was entered on April 18, 2011. Kirk did not file his request for appointment of appellate counsel until October 24, 2011, well beyond Michigan's 42-day time limit. Because Kirk's request was untimely, the trial court's denial of his request did not violate Kirk's right to the effective assistance of counsel. *See id*. Kirk is not entitled to habeas relief on his fourth claim.

## III. CERTIFICATE OF APPEALABILITY

Before Kirk may appeal this Court's dispositive decision, "a circuit justice or judge" must issue a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the Court has rejected Kirk's habeas claims on the merits, to satisfy § 2253(c)(2), Petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation

omitted). The Court finds that no reasonable jurist would argue that Kirk should be granted habeas relief on his claims. Accordingly, a certificate of appealability will not issue from this Court. Nonetheless, the Court finds that an appeal could be taken in good faith and therefore, if Petitioner chooses to appeal the Court's decision, he may proceed *in forma pauperis* on appeal. 28 U.S.C. § 1915(a)(3).

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court DENIES Kirk's Petition for Writ of Habeas Corpus, DENIES Kirk a certificate of appealability, and GRANTS leave to appeal *in forma pauperis.*

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated:  December 11, 2014


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 11, 2014.

s/Jane Johnson
Case Manager to
Honorable Laurie J. Michelson